NOT DESIGNATED FOR PUBLICATION

No. 116,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 6, 2017. Affirmed.

*Kenneth B. Miller*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: Billy Reynolds pled guilty to four counts of aggravated indecent liberties with a child. He was sentenced to life in prison with no possibility of parole for 25 years. Reynolds filed a motion to withdraw his plea alleging ineffective assistance of counsel. It was denied by the district court and the Court of Appeals affirmed. *State v. Reynolds*, No. 107,789, 2013 WL 5870037 (Kan. App. 2013) (unpublished opinion).

1

Several years later Reynolds filed a pro se motion to set aside his conviction alleging he had not personally pled guilty. The district court construed the motion as a motion to withdraw plea and denied it as untimely and successive.

Reynolds argues the district court erred in construing his motion as a motion to withdraw a plea instead of a motion to correct an illegal sentence. He also asserts the court lacked jurisdiction to sentence him because he had not personally pled guilty and, thus, his convictions are void.

As to whether the district court erred by failing to construe Reynolds' motion to set aside his conviction as a motion to correct an illegal sentence, we note that the title and contents of Reynolds' motion indicate he was attacking his convictions. He argued that he did not personally enter a guilty plea and, therefore, the plea of guilty was faulty and he should be allowed to withdraw it.

We find the district court was correct in finding that the second motion to withdraw a plea—filed several years after Reynolds' convictions were final—was untimely and successive.

To extend the one-year time limit to withdraw a plea, a defendant must assert excusable neglect. Reynolds has not shown any basis for a claim of excusable neglect and has not alleged it. Additionally, he had previously filed a motion to withdraw his plea.

Finally, we turn to the allegation that the district court arguably lacked jurisdiction to sentence Reynolds because he had not personally pled guilty and, therefore, his convictions were void.

2

In particular, Reynolds argues he did not personally plead guilty as required by K.S.A. 2016 Supp. 22-3210. A review of the record shows there was substantial compliance with K.S.A. 2016 Supp. 22-3210.

Reynolds eventually signed a plea agreement where he agreed to all four of the counts against him.

At the plea hearing, the district court had Reynolds acknowledge he had entered into the plea agreement. The court informed him of his rights and explained the maximum penalty he could receive. The court then asked Reynolds, "Is it still your wish and desire then to give up your rights and enter a plea of guilty?" Reynolds answered, "Yes, sir." The court had Reynolds give a factual basis for the plea, then found him guilty of all four counts.

At sentencing, the district court denied Reynolds' motion for departure and sentenced him to life in prison, with no possibility of parole for 25 years, with all counts running concurrently. Reynolds filed a direct appeal which failed. 2013 WL 5870037, at *3-4.

In 2011 Reynolds filed a pro se motion to withdraw his plea because his counsel was ineffective and his plea was not knowing and voluntary. After a number of proceedings, Reynolds' motion to withdraw his plea was denied.

In 2015 Reynolds filed a motion to set aside his convictions under K.S.A. 22-3210(b).

Reynolds argues that the district court misconstrued his motion as a motion to withdraw his plea. As we noted above, both the titles and the content of the motions request the district court to set aside his convictions and reference K.S.A. 22-3210(b).

3

Reynolds' central allegation is that he had not personally entered a guilty plea so the district court did not have jurisdiction to convict him.

Here, the record shows that Reynolds' plea substantially complied with K.S.A. 2016 Supp. 22-3210. Reynolds signed a plea agreement indicating he had agreed to plead guilty to all four charges. At the plea hearing, the district court informed him of the rights he was waiving, explained the maximum possible penalty, and reviewed the terms of the plea agreement. The court also asked Reynolds (1) if he was under the influence of any medications; (2) if anyone had made any threats or promises to induce him to enter a guilty plea; (3) if he was satisfied with his attorney; and (4) if he had any other questions. The court then asked, "Is it still your wish and desire then to give up your rights and enter a plea of guilty?" to which Reynolds replied, "Yes sir." The court found Reynolds understood the consequences of a guilty plea and knowingly and voluntarily waived his rights. The court then asked Reynolds to give a factual basis for the plea, after which it found him guilty.

Reynold's point of contention is that he never verbally stated he was pleading guilty. He claims his affirmation that he wished to plead guilty was insufficient to fulfil the statutory requirements.

While Reynolds may not have verbally stated he was pleading guilty, the record supports the conclusion that he appeared and pled personally as required under K.S.A. 22-3210. Reynolds did not tacitly acquiesce to the plea. The district court thoroughly questioned Reynolds on the record, and Reynolds verbally affirmed that he still wished to plead guilty.

Because the record demonstrates Reynold's plea substantially complied with K.S.A. 2016 Supp. 22-3210, his convictions are valid. Because his convictions are valid,

4

the district court had jurisdiction to sentence him. Thus, his sentence is legal, and Reynolds' claim otherwise is without merit.

Affirmed.